UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JOHN MURPHY,
      Petitioner,


     v.                                     CIVIL ACTION NO. 17-10045-PBS


THOMAS TURCO, III,
      Respondent.


REPORT AND RECOMMENDATION
ON PETITION FOR WRIT OF HABEAS CORPUS (#1).

KELLEY, U.S.M.J.

I. Introduction.

Pro se petitioner John Murphy filed a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 against respondent Thomas Turco, III, Commissioner of the Department of Corrections

(DOC), for relief from his May 2014 convictions of rape and assault and battery charges. (#1.)

Petitioner filed a memorandum of law and respondent filed an opposition. (##19, 21.) Before this

court is respondent's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

(#22.)

Petitioner raised two issues in his petition, one concerning the exclusion of evidence at

his trial and one concerning first complaint evidence. As further explained below, the first issue

was not exhausted in state court, and after the court explained the matter to petitioner at a

hearing, the petitioner withdrew that issue. The remaining issue, which was exhausted in state

court, was considered on the merits by the court and the court finds that it fails. Therefore, this court recommends that respondent's motion for judgment on the pleadings be allowed.

II. Background.

The facts as found by the Massachusetts Appeals Court (MAC) are as follows. On April 2009, petitioner began dating a single mother with four children: Leo, who was sixteen years old; Mark, who was six years old; and two daughters who were nine and eleven.[1] *Commonwealth v. Murphy*, 90 Mass. App. Ct.1105 (unpublished), 2016 WL 4869245, at *1 (Sept. 15, 2016).[2] Eventually, petitioner moved in with the family, financially contributed to the family, and took on an authoritative role with the children. *Id.* Beginning in June 2009, petitioner began to physically and sexually abuse Leo regularly, until Leo moved out of the house in April 2010. *Id.* After Leo moved out, petitioner began to abuse Mark, and after petitioner moved out of the family's home, Mark disclosed the abuse to his fourth-grade teacher. *Id.*

About one year later, Leo, while with his girlfriend Jenny, sent a text message to his mother that petitioner had raped him, and began to cry.[3] *Id.* Leo showed the text message to Jenny and told her the rape had occurred in Revere. *Id.* Leo's mother did not respond to the text message and at trial, testified that she did not recall ever receiving it. *Id.* Accordingly, the Commonwealth designated Jenny as the first complaint witness, who testified that Leo had shown her the text message and told her he was raped in Revere. *Id.*

---

[1] Leo and Mark are pseudonyms.

[2] Citations will be to the Westlaw version, as it has page numbers.

[3] Jenny is a pseudonym.

Petitioner was convicted of four counts of rape and one count of indecent assault and battery with respect to Leo, and was convicted of one count of indecent assault and battery on a child and one count of assault and battery with respect to Mark. 2016 WL 4869245, at *1 n.2.[4]

On appeal, petitioner asserted that Jenny should not have been permitted to testify as the Commonwealth's first complaint witness, because Leo had texted his mother before telling Jenny about the alleged rape, and because the complaint to Jenny referred to conduct that occurred in Revere, which was not charged at trial. *Id*. at *1-2. Petitioner also challenged the exclusion of evidence of Leo's profile on the social networking web site MySpace, which was www.myspace.com/im_gay_with_my_dad, because petitioner contended that it supported his defense of consent. *Id.* at *2. The MAC rejected these arguments and affirmed his conviction. *Id.* at *2-3.

Petitioner filed an application for leave to obtain further appellate review (ALOFAR) on the issue concerning the first complaint witness. (S.A. I at 171-191.)[5] The SJC denied his application. *Commonwealth v. Murphy*, 467 Mass. 1105, 65 N.E. 3d 661 (2016) (Table).

III. Standard of Review.

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for

---

[4] The charges stemmed from grand jury indictments in Essex and Middlesex Counties, which were joined for trial by agreement. 2016 WL 4869245, at *1 n.2. In a bench trial that followed his jury trial, petitioner was convicted of four counts of being a habitual criminal under Mass. Gen. Laws ch. 279 § 25. *Id.* He was sentenced to twenty years in state prison for the rape charges in Middlesex County, and ten years in state prison, consecutive to the first sentence for the Middlesex charge of indecent assault and battery on a child. (S.A. I at 4.) Petitioner was also sentenced to twenty years of probation to be served after his prison sentences for the Middlesex and Essex county charges. *Id*.

[5] Citations to the supplemental authority filed by respondent, #15, which is in three volumes and was filed with the clerk's office in hard copy only, will be in the form of (S.A. [volume number] at [page number]).

judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12. "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (citing *Curran v. Cousins*, 509 F.3d 36, 43-44 (1st Cir. 2007)). Motions for dismissal and judgment on the pleadings are governed by the same standard. *4MVR, LLC v. Hill*, No. 12-cv-10674, 2015 WL 3884054, at *6 (D. Mass. June 24, 2015). "A Rule 12(c) motion nonetheless differs from a Rule 12(b)(6) motion because it implicates the pleadings as a whole." *Santiago v. Bloise*, 741 F. Supp. 2d 357, 360 (D. Mass. 2010) (citation and internal quotation mark omitted). Facts in the answer, however, "are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint." *Id.* (citation omitted).

To survive a Rule 12(c) motion, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. . . .'" *Perez-Acevedo*, 520 F.3d at 29 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)). The court must consider the well-pleaded facts "in the light most favorable to the non-moving party" and "draw[ ] all reasonable inferences in its favor." *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008) (citing *Curran*, 509 F.3d at 43).

IV. <u>Analysis</u>.

A. <u>The Exclusion of Evidence Issue</u>.

In his petition, Mr. Murphy contended it was prejudicial error and a violation of his federal constitutional right to present evidence in his defense when the trial court excluded evidence of Leo's Myspace uniform research locator (URL), www.myspace.com/im_gay_with_my_dad, because this evidence suggested that around the time

of the alleged rapes Leo was open to a sexual relationship with an older man, and thus supported petitioner's defense that Leo consented to Mr. Murphy's alleged conduct. (#1 at 3, 8.)

An application for a writ of habeas corpus for a state prisoner cannot be granted unless the applicant exhausted all remedies in state court. 28 U.S.C. § 2254(b)(1); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Sanchez v. Roden*, 753 F.3d 279, 294 (1st Cir. 2014). In order to exhaust state court remedies, petitioner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) and *O'Sullivan*, 526 U.S. at 845). Here, petitioner did not present his claim that his constitutional right to present evidence in his defense was violated in his ALOFAR to the SJC, so that claim was not sufficiently exhausted to be reviewed for habeas corpus relief. *See* S.A. I at 171-191 (ALOFAR petition).

Generally, if a petitioner files a "mixed habeas petition" that includes both exhausted and unexhausted claims, as Mr. Murphy did here, a federal court may (1) dismiss the petition, (2) allow the petitioner to dismiss the unexhausted claims and go forward with the exhausted claims, or (3) stay the petition and permit the petitioner to return to state court and exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). A court may stay resolution of the exhausted claims and hold the petition in abeyance while the petitioner returns to state court only in "limited circumstances." *Rhines*, 544 U.S. at 277. The court may do so only if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278; *DeLong v. Dickhaut*, 715 F.3d 382, 387 (1st Cir. 2013).

In this case, the "limited circumstances" under which the court may stay resolution of the exhausted claim are not present. First, Mr. Murphy cannot demonstrate good cause for his failure to exhaust. He was represented by counsel when he filed his ALOFAR, where he thoroughly and skillfully briefed the first complaint issue but did not mention the exclusion of evidence issue. *See* S.A. I at 171-191. Second, the issue is not potentially meritorious. The MAC's finding that the trial judge properly excluded this information as prohibited under the rape shield statute, Mass. Gen. Evid. § 412 (2016), in no way amounted to a violation of petitioner's federal constitutional rights. *See* 2016 WL 4869245, at *2 (holding that exclusion of evidence was proper) (citing *Commonwealth v. Fitzgerald*, 412 Mass. 516, 523, 590 N.E.2d 1151, 1155 (1992)).

On January 25, 2018, this court held a hearing at which Mr. Murphy appeared by video from the Souza Baranowski Correctional Center. (#35.) Mr. Murphy told the court that he had not had access to his legal materials for a long time because he had been in administrative segregation for fourteen months, and was presently on observation on the health services unit due to mental health issues. (#45 at 2-5.) At the hearing, after ascertaining that Mr. Murphy was lucid and understood what the court was saying, the court informed Mr. Murphy that the court found that the issue he had raised pertaining to the exclusion of evidence was not exhausted, that the court found that he did not qualify for a stay of the proceedings, and that the court would give him the opportunity to dismiss his unexhausted claim. *Id.* at 2-3, 5-7. *See Clements v. Maloney*, 485 F.3d 158, 168 (1st Cir. 2007) (holding that petitioner should be given the opportunity to dismiss his unexhausted claims rather than having entire petition dismissed) (citing *Kelly v. Small*, 315 F.3d 1063, 1069-70 (9th Cir. 2003) (remanding an entire petition to the district court to allow the petitioner an opportunity to dismiss unexhausted claims).

Mr. Murphy stated on the record that he wished to withdraw the exclusion of evidence claim, but that he would like to file a response to the respondent's opposition on the first complaint witness issue. (#45 at 7-10.) He stated that he still did not have access to his legal materials and would like an extension of time to respond. *Id*. at 9-11. The court instructed him to notify the court when he had access to his legal materials, and the court would then set a date for his response. *Id*. at 10-12.

On September 27, 2018, the court held a status conference at which Mr. Murphy stated that he had recently been returned general population, had access to his legal documents, and would file a response by November 15, 2018. (#43.) By January 8, 2019, the court had not heard from Mr. Murphy, nor had he filed a response.[6]

### B.  The First Complaint Witness Issue.

Petitioner contends it was prejudicial error to allow the Commonwealth to designate Jenny as the first complaint witness. (#1 at 3, 6.) Petitioner asserts that Leo's mother was the first person to whom Leo complained when he sent her the text message, so Jenny should not have been the first complaint witness just because she had a better memory of the complaint made to her than did Leo's mother. (#1 at 6.) Second, petitioner contends it was further error to allow Jenny to testify to the complaint, because the complaint Leo made to Jenny was referring to conduct that occurred in Revere, and petitioner was not charged with that conduct at trial. *Id.*

### 1.  28 U.S.C. § 2254.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, establishes two grounds for federal habeas relief. A federal court may grant habeas relief for any

---

[6] On January 8, 2019, attorney for respondent informed the court that Mr. Murphy was in general population at the institution where he is being held.

7

claim that was adjudicated on the merits in state court proceedings if the state court decision was

contrary to, or involved an unreasonable application of, clearly established federal law, as

determined by the Supreme Court of the United States, or was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding. 28

U.S.C. § 2254(d). "A matter is 'adjudicated on the merits' if there is a 'decision finally resolving

the parties' claims, with res judicata effect, that is based on the substance of the claim advanced,

rather than on a procedural, or other ground.'" *Teti v. Bender*, 507 F.3d 50, 56-7 (1st Cir. 2007)

(quoting *Sellman v. Kuhlman*, 261 F.3d 303, 311 (2nd Cir. 2001)). Clearly established federal

law is limited to the holdings of United States Supreme Court cases; however, "factually similar

cases from the lower federal courts may inform" application of the legal rule. *Williams v. Taylor*,

529 U.S. 362, 412 (2000); *RaShad v. Walsh*, 300 F.3d 27, 35 (1st Cir. 2002) (citing *Ouber v.*

*Guarino*, 293 F.3d 19, 26 (1st Cir. 2002)); *O'Brien v. Dubois*, 145 F.3d 16, 25 (1st Cir. 1998).

A decision is contrary to clearly established federal law "if the state court arrives at a

conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state

court decides a case differently than [the Supreme Court] has on a set of materially

indistinguishable facts." *Williams*, 529 U.S. at 412-13. A decision is an unreasonable application

of clearly established federal law "if the state court identifies the correct governing principle

from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the

prisoner's case." *Id.* at 413.

With regard to application of the law and factual determinations, "unreasonableness" is a

difficult standard to meet. It is not sufficient to grant habeas relief when the state court's decision

was merely erroneous or incorrect, the state court failed to apply or cite federal law, the state

court committed "clear error," or the reviewing court is of the "firm conviction" that the state

court's ruling was erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003); *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam); *Williams*, 529 U.S. at 412. To be deemed "unreasonable," the state court decision must be "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate it is outside the universe of plausible, credible options." *Hensley v. Roden*, 755 F.3d 724, 737 (1st Cir. 2014) (citing *Sanna v. Dipaolo*, 265 F.3d 1, 13 (1st Cir. 2001) (internal quotation marks omitted)).

2.   <u>Habeas Relief is Not Available</u>.

It is clear that "federal habeas corpus relief does not lie for errors of state law," and that this court is "limited to deciding whether [petitioner's] conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "The first complaint doctrine, initially set forth in Massachusetts in *Commonwealth v. King*, 445 Mass. 217, 834 N.E.2d 1175 (2005), has been characterized by the SJC as 'a body of governing principles to guide a trial judge on the admissibility of first complaint evidence' in cases of alleged sexual abuse." *Mendez v. Saba*, No. 11-40230-FDS, 2013 WL 5564869, at *2 (D. Mass. Oct. 7, 2013) (quoting *Commonwealth v. Aviles*, 461 Mass. 60, 73, 958 N.E.2d 37, 49 (2011)).

"To be sure, a misbegotten evidentiary ruling that results in a fundamentally unfair trial may violate due process and thus, ground federal habeas relief." *Coningford v. Rhode Island,* 640 F.3d 478, 484 (1st Cir. 2011) (citing *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). But such habeas relief is only available when "the state court's application of state law [is] 'so arbitrary or capricious as to constitute an independent due process … violation.'" *Coningford*, 640 F.3d at 484 (quoting *Lewis v. Jeffers*, 497 U.S. at 780); *Lyons v. Brady*, 666 F.3d 51, 55-56 (1st Cir. 2012).

Here, petitioner cannot establish that the application of state law by the MAC was so arbitrary or capricious that it created a due process violation. The MAC reasoned that the judge rightly permitted Jenny to testify as a first complaint witness, where the trial judge determined that Leo's mother had no memory of receiving the text message at issue and there was no evidence that she had read it. 2016 WL 4869245, at *1. The MAC noted that the trial judge's ruling was supported by his additional finding that Leo's disclosure via test message to his mother was virtually contemporaneous with his disclosure to Jenny. *Id.*

Petitioner's complaint that the first complaint testimony was inadmissible because it referred to conduct that was uncharged (Jenny was permitted to testify that Leo said he was raped in Revere, when the conduct charged was alleged to have taken place in Essex and Middlesex counties), was unobjected-to at trial, and therefore is procedurally defaulted here. *See Janosky v. St. Amand*, 594 F.3d 39, 44 (1st Cir. 2013); *Burks v. Dubois*, 55 F. 3d 712, 716 (1st Cir. 1995). Even if it were not, this claim would not rise to the level of creating an independent due process violation. *See Lyons*, 666 F.3d at 57.

## IV. <u>Conclusion</u>.

For the reasons stated above, I RECOMMEND respondent's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (#22) be ALLOWED.

## V. <u>Review by District Judge</u>.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of service of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly

10

Case 1:17-cv-10045-PBS   Document 47   Filed 01/08/19   Page 11 of 11

indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


/s/ M. Page Kelley
M. Page Kelley
January 8, 2019                                              United States Magistrate Judge